IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | C O M P L A I N T |
| SAINT THOMAS HEALTH, | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Julian May. As alleged with greater particularity in paragraphs 13(a)-(i) below, Defendant Saint Thomas Health refused to provide a religious accommodation to Julian May, a member of the Moorish Science Temple of America. Despite granting May a religious accommodation allowing him to wear a protective mask in previous years, Defendant demanded that May take a flu shot. When May refused, Defendant insisted that he could no longer work for Defendant.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Tennessee.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, Saint Thomas Health (the "Employer"), a Tennessee corporation, has continuously been doing business in the State of Tennessee and the City of Murfreesboro, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than 30 days prior to the institution of this lawsuit, Julian May filed a charge with the Commission alleging violations of Title VII by Defendant Employer.

7. On September 5, 2018, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that Title VII was violated, and inviting Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant Employer to provide Defendant Employer the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

10. On September 18, 2018, the Commission issued to Defendant Employer a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since at least November 23, 2015, Defendant Employer has engaged in unlawful employment practices at its hospital in Murfreesboro, Tennessee, in violation of Section 703 of Title VII, 42 U.S.C. 2000e-2(a)(1).

13. These unlawful practices include Defendant Employer's failure to provide a religious accommodation to May. Instead of allowing May to wear a protective mask, an accommodation in accordance with May's religious beliefs that Defendant had granted in the past, Defendant required him to take a flu shot. Defendant Employer did not allow May to work at its hospital when May refused to act contrary to his religious beliefs and customs.

(a) Defendant Employer operates a hospital in Murfreesboro, Tennessee. TouchPoint Support Services (TouchPoint) provides food and environmental services to Defendant at this hospital.

(b) May started working in February 2012 as a floor tech at Defendant Employer's hospital in Murfreesboro, Tennessee. As a floor tech, May cleaned floors, did maintenance, and took out trash. May was TouchPoint's direct employee, but was still required to follow Defendant Employer's policies at its hospital in Murfreesboro, Tennessee.

(c) May is a member of the Moorish Science Temple of America. He believes his religion requires him not to take a flu shots, but to rely on natural medicine.

(d) Defendant Employer required everyone, including TouchPoint employees, to take an annual flu shot. Nevertheless, Defendant Employer allowed religious accommodations. Defendant Employer reviewed requests not to take a flu shot, including requests from TouchPoint employees.

(e) When TouchPoint told May that Defendant Employer required him to take a flu shot, May notified TouchPoint of his religious belief. TouchPoint then gave Defendant Employer's religious declaration form to May. May completed this form and gave it to Defendant Employer.

(f) Defendant Employer approved May's request for a religious accommodation. Defendant Employer allowed May to wear a protective mask instead of taking a flu shot. May submitted requests for religious accommodation annually, which Defendant Employer approved in 2013 and 2014.

(g) In November 2015, May submitted a request for religious accommodation. Defendant Employer returned May's request as "declined." Defendant Employer told May that he had to take a flu shot. May said he could not take a flu shot because of his religion.

(h) Despite Defendant Employer rejecting his request for a religious accommodation, May tried to return to work. When he did, TouchPoint said May could not return until the matter was resolved.

(i) When TouchPoint and May contacted Defendant Employer again, Defendant Employer insisted that May could not work for Defendant Employer without taking a flu shot. TouchPoint terminated May as of November 30, 2015.

14. The effect of the practices complained of in paragraphs 13(a)-(i) above has been to deprive Julian May of equal employment opportunities, and otherwise adversely affect his status as an employee because of his religion.

15. The unlawful employment practices complained of in paragraphs 13(a)-(i) above were intentional.

16. The unlawful employment practices complained of in paragraphs 13(a)-(i) above were done with malice or with reckless indifference to the federally protected rights of Julian May.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, Saint Thomas Health, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from denying reasonable accommodations on account of religion under Title VII of the Civil Rights Act of 1964.

B. Order Defendant Employer, Saint Thomas Health, to institute and carry out policies, practices, and programs which provide equal employment opportunities for persons who may need reasonable accommodations on account of religion, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer, Saint Thomas Health, to make whole Julian May by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to interest, in amounts to be determined at trial.

D. Order Defendant Employer, Saint Thomas Health, to make whole Julian May by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 13(a)-(i) above, in amounts to be determined at trial.

5

E.  Order Defendant Employer, Saint Thomas Health, to make whole Julian May by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 13(a)-(i) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.  Order Defendant Employer, Saint Thomas Health, to pay Julian May punitive damages for its malicious and reckless conduct, as described in paragraphs 13(a)-(i) above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

s/ Faye A. Williams
FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 11730
faye.williams@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Memphis District Office
1407 Union Ave., Suite 900
Memphis, TN 38104
(901) 544-0088

<pre>
                              s/ Mark Chen
                              MARK CHEN
                              Trial Attorney
                              TN Bar No. 14268
                              mark.chen@eeoc.gov

                              EQUAL EMPLOYMENT OPPORTUNITY
                              COMMISSION
                              Nashville Area Office
                              220 Athens Way, Suite 350
                              Nashville, TN 37228
                              (615) 736-5784
</pre>