UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:18-cv-00978 |
| ) | |
| SAINT THOMAS HEALTH, ) | CHIEF JUDGE CRENSHAW |
| ) | |
| Defendant. ) | |

## CONSENT DECREE

Plaintiff U.S. Equal Employment Opportunity Commission (the Commission) instituted this action against Defendant Saint Thomas Health (STH) to remedy unlawful employment practices in violation of Section 703 of Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000e-2(a)(1). The Commission's Complaint, filed September 28, 2018, alleges that since November 2015, STH, at its Murfreesboro, Tennessee facility, failed to provide a religious accommodation to Julian May, (May) a member of the Moorish Science Temple of America. May requested STH allow him to wear a protective mask, instead of taking a flu shot, in accordance with his religious beliefs. The Commission further alleges that since November 2015, STH refused to allow May to work at its facility without taking a flu shot. STH maintains that, had its policy been followed, May would have been afforded a religious exemption from the flu shot, and denies that its actions were intentional.

In reaching this Consent Decree (Decree), the Commission and STH, through their counsel, engaged in negotiations. The Commission and STH enter into a settlement of this litigation based on EEOC Charge No. 494-2016-01280C filed by May against STH.

The Parties hereby stipulate and consent to the entry of this Decree. This Decree constitutes

the complete and exclusive agreement between the Parties with respect to the matters referenced herein. No waiver, modification, or amendment of any provision of this Decree shall be effective unless made in writing. Neither Party has made any representations or inducements to compromise this action other than those recited or referenced in this Decree. If the Court does not approve this Decree, the Commission and STH agree neither party will attempt to admit the Decree in evidence in this or any subsequent lawsuit.

After examining the terms of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court hereby **APPROVES** the Decree and **FINDS:**

## I. JURISDICTION

This Court has jurisdiction over the parties and the subject matter of this action.

## II. FINDINGS

A. This Decree furthers the purposes of Title VII and the public interest.

B. The terms of this Decree constitute a fair and equitable settlement of this action.

C. The parties reached the terms of the Decree by a process of negotiation and compromise.

D. This Decree conforms to the Federal Rules of Civil Procedure and Title VII, and does not derogate the rights or privileges of any person.

E. This Decree represents the final and binding agreement between the Commission and STH, its directors, officers, agents, employees, successors or assigns, and all persons in active concern or participation with STH.

F. The Commission and STH agree to the entry of this Decree to fully and finally resolve all claims raised by the Commission in its Complaint in Civil Action No. 3:18-cv-00978.

## III. SCOPE AND DURATION OF THIS DECREE

A. This Decree resolves all issues and claims arising out of May's Charge of Discrimination (EEOC Charge No. 494-2016-01280C) filed against STH and the Commission's Complaint in Civil Action No. 3:18-cv-00978, alleging unlawful failure to accommodate religious belief and unlawful refusal to allow May to work at its facility while wearing a protective mask instead of taking a flu shot.

B. The Duration of this Decree and all obligations shall remain for two (2) years from the date of its entry by the Court.

C. During the term of this Decree, the Court shall retain jurisdiction over this case for purposes of compliance and any disputes that may arise.

## IV. INJUNCTION

A. This Decree enjoins STH and its officers, agents, management (including supervisory employees), successors and assigns, and all those in active concert or participation with them, or any of them, from failing to provide a religious accommodation to an employee's sincerely held religious belief unless such request creates an undue hardship.

B. This Decree enjoins STH and its officers, agents, management (including supervisory employees), successors and assigns, and all those in active concert or participation with them, or any of them, from rescinding religious accommodations STH has granted to employees absent demonstrating that continuing the accommodation would cause an undue hardship.

C. STH and its officers, agents, management (including supervisory employees),

successors and assigns, and all those in active concert or participation with them, or any of them, will not refuse to allow employees who have requested a religious accommodation to work at its facility absent demonstrating that the accommodation would cause an undue hardship.

## V. POLICY SUPPORTING RELIGIOUS ACCOMMODATION

A. Within sixty days (60) after entry of this Consent Decree, STH shall modify its accommodation policy, as necessary, to ensure that where STH had previously accommodated the sincerely held religious beliefs of an employee, STH shall not terminate that accommodation without providing the employee an opportunity to appeal that decision with the Committee that terminated the accommodation.

B. In the appeal, STH will allow the employee to articulate his or her religious belief and the fact that he or she continues to adhere to those beliefs.

C. After the appeal is considered, STH will document in writing why it will continue to provide the religious accommodation or why it will not.

D. Further, STH will have all staff participating in the appeal decision to sign the document stating why STH will continue to provide the religious accommodation or why STH will not provide the religious accommodation.

E. STH's modified policy shall prohibit terminating an employee based on religion, or refusing to allow an employee to work at its facility based on religion, or failing to grant a religious accommodation for sincerely held religious beliefs absent demonstrated undue hardship.

F. STH's shall distribute its modified policy to all employees, including contractor employees, and shall continue to distribute this policy to all newly hired

4

individuals, including contractor employees.

G.  Within sixty (60) days of the entry of this Consent Decree, STH will post the modified policy described above in its facilities in a place where the policy remains visible to employees through its current, or any future electronic policy platform. Within seventy (70) days of entry of the Consent Decree, STH shall provide a copy of the STH's modified policy to the Commission at EEOC-MEDO-decree-monitoring@eeoc.gov.

## VI. TRAINING

A.  On an annual basis during the term of the Decree, STH shall train all of its human resources employees, and all Flu Committee personnel on the religious accommodation requirements under Title VII and the provisions of STH's policy described in Section V.

  i.  Each training program shall include an explanation of the requirements of Title VII, including an employer's obligations with respect to religious accommodations, and its prohibition against religious discrimination in the workplace.

  ii.  Each training program shall include an explanation of the STH's policy and an explanation of the rights and responsibilities of employees, supervisors, and managers under the policy.

  iii.  Each training program shall review the human resources employees' and managers' duties to consider reasonable accommodations for religious beliefs and their independent obligation to attempt to find solutions to religious belief-based barriers to employment.

5

iv. The first annual training program, as described in Paragraph A of Section VI above, will occur within ninety (90) days of the entry of this Consent Decree.

v. The initial training program will last for a minimum of one hour and will include live presentation by one or more employment attorneys or human resources professionals who shall emphasize STH's commitment to prevent religious discrimination and retaliation.

vi. Each subsequent annual training shall last no less than one hour.

B. STH's highest ranking executive level employee at the facility will participate in each training session held under this Decree. The executive will participate as follows:

i. introduce the trainer;

ii. state that STH takes its obligations and prohibitions under all EEO laws seriously; and

iii. convey STH's policy of non-retaliation for individuals who oppose acts made unlawful by federal EEO laws and individuals who participate in protected activity under federal EEO laws.

C. STH shall submit to the Commission at EEOC-MEDO-decreemonitoring@eeoc.gov an agenda for the training program at least fifteen (15) days prior to each training.

D. Within ten (10) days after completion of the training program, STH shall do the following:

i. certify that the training occurred; and

6

  ii.  produce a signed roster of employees who attended the training.

## VII. POSTING TO EMPLOYEES

  A. STH shall post and cause to remain posted the notice posters required by EEOC regulation 29 C.F.R. §1601.30 and 42 U.S.C. § 2000e-10.

    i. Within ten (10) business days after the entry of this Decree, STH shall post same- sized copies of the Notice attached as **Exhibit A** to this Decree at all STH facilities on the bulletin boards usually used for communicating human resources matters to employees. The notice shall remain in place for the term of this Decree.

    ii. STH shall make good-faith efforts to ensure that no one alters, defaces, or covers the posting.

    iii. If a posted copy becomes defaced, removed, marred, or otherwise illegible, as soon as practicable STH shall post a readable copy in the same manner as previously specified.

## VIII. RECORDKEEPING AND REPORTING

  A. STH will comply with all recordkeeping obligations under the laws prohibiting discrimination. For the duration of this Decree, STH shall document and retain the following:

    i. any request for a religious-based accommodation;

    ii. any complaint of discrimination on the basis of religion whether or not such complaint results in the filing of a charge; and

    iii. all notes identifying the accommodations to religious belief that STH considered in response to a request for accommodation and if the

accommodation was rejected, the basis on which it was rejected.

B. On an annual basis during the term of this Consent Decree, STH shall provide the Commission with a list of all complaints of discrimination on the basis of religious belief and all requests for accommodation of religious belief made during that period with a description of the allegation or accommodation request made, including:

   i. the name of the complaining party;

   ii. a description of the facts of the complaint or requested accommodation; and

   iii. description of STH's actions in response to the complaint or accommodation request.

C. The report described above shall be certified and submitted to [EEOC-MEDOdecree-monitoring@eeoc.gov](mailto:EEOC-MEDOdecree-monitoring@eeoc.gov) every twelve (12) months following the entry of this Decree by the Court. STH shall, however, submit its final report sixty (60) days before the term of this Decree ends.

D. Upon the Commission's request, STH shall make the underlying documents or records available to the Commission within ten (10) business days of the request.

## IX. INDIVIDUAL RELIEF AND MONETARY REMEDY

A. STH agrees to pay $75,000 to Julian May in full and final settlement of the claims alleged in the Commission's Complaint against STH.

B. Within ten (10) business days of entry of this Decree by the Court and receipt by counsel for STH of an IRS Form W-9 executed by Julian May, STH shall mail a check, via certified mail, to Mr. May at an address to be provided by the

Commission. Concurrently, copies of the check and related correspondence will be electronically mailed to EEOC-MEDO-decree-monitoring@eeoc.gov.

C. STH will issue United States Internal Revenue Service Form 1099 to May for the compensatory damages and back pay in the amount of $75,000.00.

D. Late payment of checks shall be subject to the accrual of interest pursuant to 28 U.S.C. § 1961.

## X. LETTER

Within ten (10) business days of the entry of this Decree by the Court, STH shall provide Mr. May with a letter of regret. The letter of regret shall express regret for the treatment of May and express a commitment to respecting the religious rights of its employees.

May's acceptance of the Monetary Relief in Paragraph IX above, shall constitute his concurrent acceptance of the content of the letter described herein and neither May nor the Commission may use this letter or its content as evidence against STH in any future action.

## XI. NOTIFICATION OF SUCCESSORS

Prior to any sale, merger, or consolidation of the company, STH shall provide any successors, assigns, subsidiaries, affiliates, or other corporation or entity that acquires STH, with notice and a copy of this Decree. Upon sale, merger or consolidation, the successors, assigns, acquiring entities, or surviving entities shall be fully liable for complying with the terms of the Decree. STH shall provide notice to the Commission forty-five (45) days prior to any assignment, succession, acquisition, merger, or consolidation affecting STH.

## XII. DISPUTE RESOLUTION

The Commission will give STH ten (10) business days-notice of any alleged non- compliance with the terms of the Decree before initiating enforcement actions under this Decree. If STH has not

9

Case 3:18-cv-00978 Document 19 Filed 04/17/19 Page 9 of 11 PageID #: 77

remedied the alleged non-compliance by the end of that period, the Commission may apply to the Court for appropriate relief.

## XIII. COMPLIANCE REVIEW

The Commission may review STH's compliance with the provisions of this Decree during the term of this Decree upon written notice to STH's attorneys of record at least ten (10) business days in advance of any inspection of STH's documents or premises. Upon such notice, STH shall allow representatives of the Commission to review STH's compliance with this Decree by inspecting and photocopying relevant, non-privileged documents and records, interviewing employees and management officials on its premises, and inspecting its premises.

## XIV. COSTS AND ATTORNEYS' FEES

Each party to this Decree shall bear its own expenses, costs, and attorneys' fees.

**IT IS SO ORDERED**.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

APPROVED BY THE PARTIES:

| FOR THE COMMISSION: | FOR DEFENDANT: |
|---|---|
| **JAMES L. LEE** | s/ C. Eric Stevens (with permission FAW) |
| Deputy General Counsel | **C. ERIC STEVENS** |
| | |
| **GWENDOLYN YOUNG REAMS** | **LITTLER MENDELSON, P.C.** |
| Associate General Counsel | 333 Commerce Street, Suite 1450 |
| | Nashville, TN 37201 |
| s/ Faye A. Williams | Telephone: (615) 383-3316 |
| **FAYE A. WILLIAMS** | Facsimile: (615) 691-7807 |
| Regional Attorney | Email: estevens@littler.com |
| Tennessee Bar No. 011730 | |
| | |
| **TIMOTHY L. BOWNE** | |
| Acting Supervisory Trial Attorney | |
| | |
| **MARK CHEN** | |
| Trial Attorney | |
| Tennessee Bar No. 14268 | |
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | |
| 220 Athens Way, Suite 350 | |
| Nashville, TN 37228 | |
| Telephone: (615) 736-5784 | |
| Facsimile: (615) 736-2107 | |
| Email: mark.chen@eeoc.gov | |

11